M. Grau & Sons, Plaintiffs and Appellees, *v.* Plaja, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action for Damages.

No. 2321.—Decided July 5, 1921.

Servitude—Damages—Premature Action.—The purchaser of a building which, according to the registry and the deed of sale, was free from encumbrances discovered that the roof of an adjoining building rested on his property by means of beams inserted into the main wall and brought an action for damages against the vendor under section 1386 of the Civil Code. A judgment allowing damages was appealed from and it was held that as the existence of the beams in the wall did not show of itself the existence of the non-apparent servitude determined by law, it was necessary to conclude that the action against the vendor was at least premature.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Messrs. A. A. Vázquez, E. Acuña* and *J. Texidor* for the appellees.

Mr. Justice del Toro delivered the opinion of the court.

The plaintiff partnership, M. Grau & Sons, sued the defendant, Federico Plaja, for the sum of three thousand dollars as damages and after a trial the court entered judgment in favor of the plaintiffs. The defendant then took the present appeal.

On February 5, 1918, the defendant sold to the plaintiffs, free of all encumbrances and for the sum of thirteen thousand and five hundred dollars, a masonry warehouse in Mayagüez. The southern side of the warehouse consists of a wall 36.80 meters long by 7.25 meters high and 56 centimeters thick, which is the principal and most important wall of the property and has a value of five thousand dollars, as alleged by the plaintiffs. Late in October, 1918, and as a result of an earthquake, the plaintiffs became aware of the fact that the roof of an adjoining warehouse rested on the said wall by means of six large beams which penetrated it. The plaintiffs alleged that this fact constituted a permanent,

non-apparent servitude which depreciated the value of their property, and claimed damages from the grantor as stated.

Both parties agree that the action brought by the plaintiffs falls under section 1386 of the Civil Code, equivalent to section 1483 of the old Civil Code. The said statute reads as follows:

"If the estate sold should be encumbered by any nonapparent burden or easement, not mentioned in the instrument, of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof, he may request the rescission of the contract, unless he should prefer the proper indemnity.

"During a year, to be counted from the date of the execution of the instrument, the vendee may either institute the rescissory action or request the indemnity.

"After the lapse of one year, he can only demand such indemnity within an equal period, to be counted from the date on which the incumbrance or easement was discovered by him."

Therefore, in order that the grantees may maintain an action for the rescission of the contract or for damages it is necessary that the property had been sold free of encumbrances and that later it was discovered to be encumbered by some "non-apparent burden or easement * * * of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof."

The fact of the purchase and sale of the property free of encumbrances was properly alleged and proved. It was also alleged, and the trial court found, that a non-apparent servitude existed of such a nature that it must be presumed that the grantees would not have purchased the property if they had known of it. The defendant contends that this fact was not duly proved. And that is the fundamental question involved in this appeal.

The appellant devotes many pages of his brief to a discussion of the question of whether the servitude in question was or was not apparent. After a careful consideration of the evidence examined we are convinced that the conclusion

of the district court that the plaintiff actually did not notice and was not bound to know of the existence of the beams is correct. The warehouse purchased by the plaintiffs was built first, and later, when the adjoining warehouse was built, the beams were inserted into the said wall, but the fact is that its front and back walls were so built as to lead to the belief that the warehouse had its own wall.

In this the appellees are right, but are they also right in the conclusion which served as a basis for the complaint and in which they were sustained by the district court, that a servitude exists?

The plaintiffs discovered the beams, whose existence they did not know of and were not bound to know of when they purchased the property, and apparently on the theory of the existence of a permanent, non-apparent servitude, according to their own language, brought the action against their grantor in assertion of the right which they believed they had under section 1386 of the Civil Code. But the defendant maintained that no servitude existed, and, in our opinion, made a *prima facie* showing of that fact. The defendant had acquired the property some months before. There is nothing in the record to show that he had actual knowledge of the facts involved in this action. He sold the property free of encumbrances. It was and is recorded in the registry free of encumbrances. And it must be presumed that the grantees acquired it free of encumbrances, inasmuch as the encumbrance was not apparent. The action of the plaintiffs must be considered at least premature. They were the owners of the property and it was incumbent upon them to defend it by directing their investigation and action against whomsoever encroached upon it, in this case the owner of the adjoining warehouse. From the mere fact of the existence of the beams, the only thing that has been shown here, it can not be deduced that a servitude existed, and the plaintiffs could maintain an action against the defendant under

the said section 1386 only when they had made sure of the existence of a non-apparent servitude of the nature determined by the law-makers.

For these reasons the judgment appealed from must be reversed and the complaint dismissed without special imposition of costs and without prejudice to such rights as the plaintiffs may have.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.